IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JIM HOOD, Attorney General, *ex rel.*,
THE STATE OF MISSISSIPPI, acting
for itself and *Parens Patriae* for and on
behalf of the People of the State of
Mississippi                                                                PLAINTIFF

vs.                                                                                  No. 2:05CV32-D-B

THE CITY OF MEMPHIS, TENNESSEE; and
MEMPHIS LIGHT, GAS & WATER DIVISION                  DEFENDANTS

### BENCH OPINION DISMISSING ACTION WITHOUT PREJUDICE

The United States Supreme Court held, in Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 101-102 (1998), that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case and that "for a court to pronounce upon [the merits] when it has no jurisdiction to do so is for a court to act *ultra vires*." See also Villarreal v. Smith, 201 Fed. Appx. 192, 194 (5th Cir. 2006) ("A federal court has the affirmative duty to inquire into jurisdiction whenever the possibility of a lack of jurisdiction arises."); Warren v. United States, 874 F.2d 280, 281-82 (5th Cir. 1989) (holding that "federal courts are under a continuing duty to inquire into the basis of jurisdiction ..."); Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts . . . have the responsibility to consider the question of subject matter jurisdiction *sua sponte* . . . and to dismiss any action if such jurisdiction is lacking."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

*Discussion*

The Plaintiff initiated this action seeking past and future damages as well as equitable relief related to the Defendants' alleged wrongful appropriation of groundwater from the Memphis Sands Aquifer.

Although it is the Defendants that seek a ruling that the State of Tennessee is an indispensable party to this action, "when an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986). Because the court has indicated that a possibly necessary party is absent from this action, the burden of disputing joinder falls on the Plaintiff.

Rule 19(a) of the Federal Rules of Civil Procedure provides in part that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Rule 19(b) states that:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors a court should consider in determining

whether a party is indispensable include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Under Rule 19, the court's analysis is conducted as follows:

> The court initially must determine whether the absent person's interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19(a). There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). Rather, the decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. If joinder under Rule 19(a) is not feasible because, e.g., it will deprive the court of subject matter jurisdiction, the court must examine the four considerations described in Rule 19(b) to determine whether the action may go forward (without the absentee) or must be dismissed, the absent person being thus regarded as indispensable.

Faloon v. Sunburst Bank, 158 F.R.D. 378, 380 (N.D. Miss. 1994).

While there are apparently no reported cases dealing with interstate subsurface water or aquifers, it is admitted by all parties and revealed in exhibits that the Memphis Sands or Sparta aquifer lies under several States including the States of Tennessee and Mississippi.

In applying the dictates of Rule 19 to the facts of this case, the court holds that the State of Tennessee is a necessary and indispensable party. First, the doctrine of equitable apportionment has historically been the means by which disputes over interstate waters are resolved. The United States Supreme Court has held that it possesses a "serious responsibility to adjudicate cases where there

3

are actual existing controversies over how interstate streams should be apportioned among States." Arizona v. California, 373 U.S. 546, 564 (1963); see Texas v. New Mexico, 462 U.S. 554, 567 (1983) (The Supreme Court held that "[t]here is no doubt that this court's jurisdiction to resolve controversies between two states . . . extends to a properly framed suit to apportion the waters of an interstate stream between States through which it flows . . .").

The subject aquifer in the case *sub judice* has not been apportioned, neither by agreement of the involved States nor by the U.S. Supreme Court. However, absent apportionment, this court cannot afford relief to the Plaintiff and hold that the Defendants are pumping water that belongs to the State of Mississippi, because it has not yet been determined which portion of the aquifer's water is the property of which State. It is simply not possible for this court to grant the relief the Plaintiff seeks without engaging in a *de facto* apportionment of the subject aquifer; such relief, however, is in the original and exclusive jurisdiction of the United States Supreme Court because such a dispute is necessarily between the State of Mississippi and the State of Tennessee. Throughout the years, the Supreme Court has adjudicated many such disputes pursuant to its original and exclusive jurisdiction, including one between the States of Mississippi and Louisiana involving the Mississippi River. See, e.g., Louisiana v. Mississippi, 516 U.S. 22 (1995); Mississippi v. Louisiana, 506 U.S. 73 (1992); Virginia v. Maryland, 540 U.S. 56 (2003); Kansas v. Colorado, 514 U.S. 673 (1995); Nebraska v. Wyoming, 515 U.S. 1 (1995); Colorado v. New Mexico, 467 U.S. 310 (1984); Arizona v. California, 373 U.S. 546 (1963); New Jersey v. New York, 345 U.S. 369 (1953); Nebraska v. Wyoming, 325 U.S. 665 (1945); Connecticut v. Massachusetts, 282 U.S. 660 (1931); Kansas v. Colorado, 206 U.S. 46 (1907). In another analogous case, the Fifth Circuit held that the United States was an indispensable party in a suit filed by a Texas municipality and other individual

4

landowners against several defendants who claimed irrigation rights to the Rio Grande River; while the Plaintiffs in that case did join the United States as a defendant, the Fifth Circuit held that sovereign immunity prevented joinder of the United States, but because it was a necessary and indispensable party and the suit could therefore not go forward without it as a party, the suit was dismissed. Miller v. Jennings, 243 F.2d 157 (5th Cir. 1957).

While this court, in initially denying the Defendants' motion seeking relief under Rule 19, relied upon another Supreme Court case, Illinois v. City of Milwaukee, Wisconsin, 406 U.S. 91 (1972), for the proposition that a State need not be joined in a nuisance action brought by a neighboring State against cities and local commissions in that State and involving an interstate waterway, the court finds that cases such as Louisiana v. Mississippi are more closely analogous to the case *sub judice* because the partition of an interstate body of water is a necessary condition of affording the Plaintiff relief in this case. The case *sub judice* involves a proprietary or ownership interest in subsurface water. The Illinois v. City of Milwaukee, Wisconsin case did not involve a dispute over ownership of interstate water or any other property; the Louisiana v. Mississippi case, as well as other aforecited cases, did involve disputes over such ownership issues.

Turning to Rule 19(a)'s requirements, the court finds that Rule 19(a)(1) renders the State of Tennessee a necessary party because in its absence complete relief cannot be accorded among those already parties to the action. This is true because to afford the State of Mississippi the relief sought and to hold that the Defendants have misappropriated Mississippi's water from the Memphis Sands aquifer, the court must necessarily determine which portion of the aquifer's water belongs to Mississippi, which portion belongs to Tennessee, and so on, thereby effectively apportioning the aquifer. Mississippi cannot be afforded any relief otherwise. The court also notes that, while the

5

Plaintiff contends on the one hand that only Mississippi water is involved in this suit, it also contends that the sole basis for the court's jurisdiction is the existence of a federal question because interstate water is the subject of the suit. The Plaintiff cannot have it both ways. The court also notes that diversity jurisdiction is not possible in this case because the Plaintiff State of Mississippi brings this suit on its own behalf and it is clear that a State is not a citizen of itself and therefore cannot sue or be sued in federal court on the basis of federal diversity jurisdiction. Moor v. County of Alameda, 411 U.S. 693 (1973).

However, joinder of the State of Tennessee as a party to this suit is not possible because this court is without jurisdiction to hear such a dispute. As noted previously, original and exclusive jurisdiction of all controversies between two or more States is vested in the United States Supreme Court. See 28 U.S.C. § 1251. Thus, the court must also examine the dictates of Rule 19(b) and determine whether, in equity and good conscience, this action should proceed among the parties before it, or should be dismissed, with the State of Tennessee being thus regarded as indispensable. The court will examine Rule 19(b)'s four considerations in turn.

First, the court must consider to what extent a judgment rendered in Tennessee's absence might be prejudicial to Tennessee or to those already parties to this action. The court holds that a judgment in this matter rendered in the absence of Tennessee will be acutely prejudicial to Tennessee's interests. As the Supreme Court has noted, no single State is permitted to impose its own policy choices on neighboring States. BMW of North Am., Inc. v. Gore, 517 U.S. 559, 572 (1996); see Hartford Accident & Indem. Co. v. Delta & Pine Land Co., 292 U.S. 143, 149 (1934) (holding that a State "cannot extend the effect of its laws beyond its borders so as to destroy or impair the right of citizens of [a neighboring State]."). In effect, a judgment adverse to the

Defendants in this case, prior to apportionment of the subject aquifer (which can only occur via agreement by the impacted States or by the Supreme Court), would determine the rights of the State of Tennessee and its citizens to the valuable water resources in the subject aquifer, without Tennessee having been a party to this action. Thus, the court finds that a judgment rendered in Tennessee's absence in this case would be prejudicial to Tennessee.

Second, the court is unaware of any means by which, via protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice to Tennessee can be lessened or avoided. To afford any relief to the Plaintiff of necessity requires apportionment of the subject aquifer, thereby causing great prejudice to Tennessee.

Third and fourth, a judgment rendered in Tennessee's absence will not be adequate given the factors previously discussed by the court; however, the Plaintiff in this matter will certainly have an adequate remedy if this action is dismissed for nonjoinder. As noted above, original and exclusive jurisdiction over disputes of this type are vested in the United States Supreme Court, which has typically in the past assigned these disputes to a Special Master, who then makes proposed findings of fact and conclusions of law to the Supreme Court, which subsequently renders a decision in the case. This court's decision today in no way ends this dispute or renders the State of Mississippi without its day in court. While the Supreme Court has stated that "where possible, States [should] settle their controversies by mutual accommodation and agreement," if such a resolution is not possible in this case, a well-established means exists for Mississippi to petition the Supreme Court for apportionment of the waters of the Memphis Sands aquifer in a suit that properly joins all necessary and indispensable parties, including the State of Tennessee. See, e.g., Louisiana v. Mississippi, 516 U.S. 22 (1995); Mississippi v. Louisiana, 506 U.S. 73 (1992); Kansas v. Colorado,

206 U.S. 46 (1907).

Given the foregoing, the court hereby finds that the State of Tennessee is a necessary and indispensable party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. Because the joinder of Tennessee is not possible in this court, the court hereby determines that in equity and good conscience this action should be dismissed without prejudice, with the State of Tennessee being regarded by the court as indispensable.

While the court makes no formal determination in its opinion today regarding the necessity or indispensability of the State of Arkansas to this action, the court is of the opinion that Arkansas (via its current Attorney General) should be put on notice of the pendency of this action and any future action filed in the Supreme Court.

This opinion is appealable to the United States Court of Appeals for the Fifth Circuit. The court directs that all submissions to this court be included in and made a part of the record in this case.

A separate order in accordance with this bench opinion shall issue this day.

This the 4th day of February 2008.

/s/ Glen H. Davidson
Senior Judge